■ In the Matter of VIRGINIA PASQUALE, Doing Business as MARY'S NURSING HOME, Petitioner, v. ABE LAVINE, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents.— Determination unanimously annulled, without costs, and matter remitted to respondents for further proceedings in accordance with the following memorandum: Petitioner brings this proceeding pursuant to CPLR article 78 to annul a determination made by respondents, after a hearing, that decertified petitioner as a provider of skilled nursing home care in accordance with the provisions of title XIX of the Federal Social Security Act (Medicaid). (U. S. Code, tit. 42, § 1396

*et seq.*) Petitioner is the operator of Mary's Nursing Home in Wellsville, New York. She was one of the 148 nursing home proprietors affected by the decision in *Maxwell* v. *Wyman* (458 F. 2d 1146). In that case, the Court of Appeals held that skilled nursing home operators who were denied reimbursement benefits for Medicaid patients under so-called provided agreements because their nursing homes failed to comply with the provisions of the Life Safety Code of the National Fire Protection Association, were entitled to a hearing by the State agency before being decertified. The purpose of the hearings, and this is a review of one of them, was to determine whether the operators were entitled to a waiver of the strict application of the provisions of the code. Waiver is authorized under the Federal statute (U. S. Code, tit. 42, § 1396a) if enforcement of the code would result in unreasonable hardship to a nursing home and such waiver will not adversely affect the health and safety of the patients of the home. At the hearing the only witness called by respondents was petitioner's engineer. Respondents proved in essence only that the nursing home consisted of two buildings, one modern and one older and that the older building did not comply with the provisions of the Life Safety Code. The burden of proving entitlement to a waiver rests upon petitioner (*Matter of Bacon* v. *Lavine,* 40 A D 2d 344, 346). Petitioner produced evidence by its engineer, the chief fire inspector of Wellsville and a fire equipment expert, to establish that although petitioner's home did not meet the strict requirements of the code, the health and safety of the patients were not adversely affected by the deficiencies. No other proof was offered. On this state of the record, we think that respondents were required to rebut this evidence or grant petitioner relief by way of waiver. The decision denying relief was not based upon substantial evidence. This matter should, therefore, be remitted to respondents for a further hearing as to whether the health and safety of petitioner's patients will be adversely affected by the conditions of the home, so as to require denial of the waiver. (See, also, *Matter of Maxwell* v. *Lavine,* 41 A D 2d 346.) (Review of determination denying certification of nursing home, transferred by order of Allegany Special Term.) Present — Goldman, P. J., Witmer, Moule, Simons and Henry, JJ.